UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:

    CRAIG R. OCKERLUND,

                Debtor,

TRAVELERS CASUALTY AND SURETY
COMPANY, a Connecticut State
Corporation,

        *Plaintiff-Appellee*,

        v.

CRAIG R. OCKERLUND,

       *Defendant-Appellant.*

Appeal from the Bankruptcy
Court, Case No. 05 B 59801
Adversary No. 06 A 1034

Case No. 10 C 5738

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Appellant Craig Ockerlund's ("Ockerlund") appeal of the Bankruptcy Court's decision to reopen Appellee Travelers Casualty and Surety Company's ("Travelers") adversary complaint and enter a $634,566.68 judgment against Ockerlund. For the reasons stated below, the Court affirms the Bankruptcy Court's rulings.

## I.  INTRODUCTION

Ockerlund was the President and principal shareholder of Ockerlund Construction Company (hereinafter, "OCC"). Travelers issued performance and payment bonds on behalf of OCC for various construction projects, including additions to Fairmont School District #89 buildings in Lockport, Ill., and the public safety

building for the Village of Riverdale, Ill. The bonds included an agreement in which Ockerlund and other signatories agreed to indemnify Travelers for losses incurred under the bonds.

On October 15, 2005, Ockerlund filed a Petition for Chapter 7 Bankruptcy Relief in the Northern District of Illinois. A few months later on April 21, 2006, Travelers filed an adversary complaint alleging that OCC had defaulted on the construction projects secured by the bonds, and pursuant to the indemnity agreement, Ockerlund was liable to Travelers for losses it sustained under the bonds. It argued that certain debts Ockerlund owed it were not dischargeable under 11 U.S.C. § 523, and that Ockerlund should be denied discharge under 11 U.S.C. § 727. Rather than fully litigate this complaint, however, Travelers and Ockerlund entered into a Settlement Agreement (the "Agreement") on May 1, 2007, under which Ockerlund would initially pay Travelers $25,000 and thereafter pay $15,000 in $500 monthly payments, which would commence on October 1, 2007. The Agreement contained the following default clause:

**4. Default Under this Agreement.**

(a) If Ockerlund fails to pay, when due, the amounts described in Paragraph 1, Ockerlund's failure shall be an event of default under the Agreement. In the event of a default, Travelers shall give a notice of default to Ockerlund . . . and Ockerlund shall have twenty-one days from the date of the default notice to cure the default. Travelers may enforce its rights under this Agreement at any time in its discretion. Ockerlund waives any claims or defenses related to waiver or

otherwise in connection with Travelers *[sic]* rights and remedies as provided in this Agreement.

> (b)   If an event of default occurs and goes uncured, then Travelers may, without further notice to Ockerlund, (I) Ockerlund shall be immediately liable for the sum of $664,566.68 (Travelers *[sic]* judgment amount) less any payments made hereunder, plus interest at 9% per annum of the unpaid principle *[sic]* balance, plus Travelers' reasonable attorneys' fees, costs and expenses in collecting said amounts and (ii) Travelers may exercise any rights available to it under Illinois law including but not limited to any rights and remedies expressly granted to Travelers pursuant to the Agreement.

> (c)   Upon Ockerlund's default, as stated above, (I) a judgment order shall be entered in favor of Travelers against the Ockerlunds in the amount of $664,566.68 less any payments made hereunder, plus interest at 9% per annum of the unpaid principle *[sic]* balance, plus Travelers' reasonable attorneys' fees, costs and expenses in collecting said amounts in the exact form attached hereto as Exhibit B and (ii) Travelers shall be entitled to pursue its judgment previously entered against Susan Ockerlund in Case Number 04 C 3963.

With the parties having entered into this Agreement, the Bankruptcy Court dismissed Travelers's complaint on October 3, 2007.  The Court's Order incorporated the Agreement, as it included the following language:  "The terms and conditions of the proposed settlement are contained in the attached Settlement Agreement identified as 'Exhibit A'. . . ."  The Agreement, however, was not attached to this Order as an exhibit in the Court's file.  The Court closed Ockerlund's bankruptcy case on December 3, 2007.

Ockerlund paid Travelers the initial $25,000 and four payments — the last of which occurred in August 2008 — which totaled $5,000. In July 2009, Travelers sent Ockerlund a letter by certified mail

indicating that he had defaulted on the Agreement. The letter was incorrectly dated July 6, 2008 (rather than 2009), and Ockerlund claims he received it on July 13, 2009. The letter also incorrectly stated that Ockerlund had not paid the initial $25,000. The letter gave Ockerlund twenty-one (21) days from the date of the letter to get current, or otherwise become liable to Travelers for $664,566.68. On August 3, 2009, Ockerlund sent an e-mail to Travelers's attorney John Sebastian ("Sebastian"), in which he acknowledged receipt of the letter, indicated that the letter failed to acknowledge the initial $25,000 payment, and stated that he did not know the amount he needed to send Travelers to become current. It also requested another letter from Travelers with the correct amount to get current on the Agreement. The e-mail also acknowledged that he sent it twenty-one (21) days after he received the letter.

Sebastian responded to Ockerlund's e-mail on August 3, 2009, and in his e-mail wrote that Travelers acknowledged receipt of the initial $25,000. Sebastian's e-mail also stated that "[p]ursuant to paragraph 4b [of the Agreement], Travelers will seek to enter a judgment in the amount of [$]664,566.68." Ockerlund made no further payments to Travelers.

On May 4, 2010, Travelers filed a Motion to Reopen Adversary Proceeding, and filed an Amended Motion on June 8, 2010. Following briefs and oral argument, the Bankruptcy Court entered judgment in

favor of Travelers for $634,566.68 — an amount that reflected the $30,000 that Ockerlund had already paid. Ockerlund's appeal of this judgment is currently before this Court.

## II. __STANDARD OF REVIEW__

A district court applies a dual standard of review when considering a bankruptcy appeal. It reviews factual findings for clear error, and conclusions of law *de novo*. *See In re Yonikus*, 996 F.2d 866, 868 (7th Cir. 1993); Fed. R. Bankr. P. 8013. Under the clearly erroneous standard, the Court must affirm the Bankruptcy Court if its decision is "'plausible in light of the record viewed in its entirety.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985)).

A court's ruling on a Rule 60(b) motion is reviewed "under an extremely deferential abuse-of-discretion standard." *Re v. Re*, No. 09-3415, 2010 WL 4137433, at *1 (7th Cir., Oct. 20, 2010). "Because relief under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances, a [bankruptcy] court abuses its discretion only when no reasonable person could agree with the decision to [grant or] deny relief." *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009) (internal quotation omitted).

### III. <u>ANALYSIS</u>

### A. Reopening of the Adversary Complaint

The first issue the Court must consider is whether the Bankruptcy Court abused its discretion when it reopened the adversarial proceeding against Ockerlund. A bankruptcy court has "original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b); *In re Crosson*, 333 B.R. 794, 798 (Bankr. N.D. Ill. 2005). Accordingly, the Court must determine whether Travelers's adversary complaint falls within the bankruptcy jurisdiction outlined in § 1334(b).

Generally, the closing of a bankruptcy case results in dismissal a related adversary complaint, as federal jurisdiction rests upon the nexus between the bankruptcy case and its related proceedings. *See In re Statistical Tabulating Corp., Inc.*, 60 F.3d 1286, 1289 (7th Cir. 1995). Exceptions exist to this rule. A bankruptcy court can consider factors including judicial economy, fairness and convenience to the parties, and the difficulty of the legal issues in determining whether to retain jurisdiction over the adversary complaint. *See Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 81 (7th Cir. 1995); *In re Volpentesta*, 187 B.R. 261, 270 (Bankr. N.D. Ill. 1995); *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989).

Even if the bankruptcy court closes the underlying bankruptcy case, it retains subject matter jurisdiction over the adversary proceedings, and can hear matters arising under Title 11. *See In re Statistical Tabulating Corp.*, 60 F.3d at 1289; *In re Churchfield Mgmt. & Inv. Corp.*, 122 B.R. 76, 81 (Bankr. N.D. Ill. 1990); *In re Morris*, 950 F.2d 1531, 1534 (11th Cir. 1992) ("The decision whether to retain jurisdiction over the adversary proceeding should be left to the sound discretion of the bankruptcy court or the district court, depending upon where the adversary proceeding is pending."). The Court need not first reopen the bankruptcy case to exercise this jurisdiction. *See In re Statistical Tabulating Corp.*, 60 F.3d at 1289.

In the case at bar, the Bankruptcy Court had sufficient evidence before it to reopen Travelers's adversary complaint. It had the complete Agreement, which included the terms of default and stated that the Bankruptcy Court retained jurisdiction over the matter. In addition, it had an affidavit from Ockerlund that acknowledged the receipt of the July 2009 letter from Travelers, as well as discussed the contents of the letter. The affidavit also addressed the August 3, 2009, e-mail Ockerlund sent to Travelers's attorney, as well as the e-mail the attorney sent Ockerlund in return. The affidavit authenticated the letter and e-mails, which otherwise would not have been admissible as evidence because Travelers did not submit them with an affidavit. *See* Fed. R.

EVID. 901(b)(1). Additionally, at the July 21, 2010, oral argument on Travelers's Motion to Re-Open the Case and Enter Judgment Against Craig R. Ockerlund, Ockerlund's attorney admitted that Ockerlund had not paid the $10,000 he owed Travelers. Tr. July 21, 2010, Proceedings at 14. This statement at oral argument was a judicial admission binding upon Ockerlund. *See McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 680 (7th Cir. 2002).

Due to the nature of this evidence, the Bankruptcy Court had no obligation to conduct an evidentiary hearing in order to reopen the adversary complaint. Such a hearing is necessary "only when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion." *United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007) (internal quotation omitted). No genuine issue of material fact existed that Ockerlund had not paid the money owed pursuant to the Agreement. The Bankruptcy Court did not err in construing the terms of the Agreement. When it applied these terms to the facts of the case, it found that Ockerlund had defaulted on the Agreement. It had the exact terms of the Agreement before it, and could logically conclude that Ockerlund's failure to pay constituted a default.

Given that the original bankruptcy proceeding took place in the Bankruptcy Court, the Bankruptcy Court acted well within its discretion to reopen the adversary complaint on account of judicial economy and fairness to the parties. No genuine issue of material fact existed that reopening the adversary was contrary to the factors a bankruptcy court uses to retain jurisdiction over such a matter. Accordingly, the Bankruptcy Court's decision to reopen the adversary complaint is affirmed.

### B. Granting Rule 60(b) Relief

The next issue before the Court is whether the Bankruptcy Court abused its discretion in granting Travelers Rule 60(b) relief from the October 3, 2007, Order Compromising Adversary Complaint. A catch-all provision in the Federal Rules of Civil Procedure allows a party to move for relief from an order or judgment for any "reason that justifies relief." FED. R. CIV. P. 60(b)(6). However, Rule 60(b) relief constitutes an extraordinary remedy, granted only in exceptional circumstances. *See Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994). The moving party bears the burden to show good cause why a judgment should be reversed. *See Deimer v. Cincinnati Sub-Zero Prods., Inc.*, No. 90 C 1412, 1991 WL 135077, at *2 (N.D. Ill. July 16, 1991). In addition, the motion must be made within a reasonable time. FED. R. CIV. P. 60(c)(a).

As stated above, in making its decision to grant Rule 60(b) relief, the Bankruptcy Court had before it (1) the complete Agreement; (2) evidence that Travelers notified Ockerlund of his default; (3) an acknowledgment by Ockerlund that at the time he received this notice he was not current on his payments; and (4) an admission by Ockerlund's attorney that Ockerlund had not paid $10,000 he owed pursuant to the Agreement. Ockerlund argues that because Travelers's original default letter did not contain the proper amount of his shortfall, Travelers never gave him a proper notice of default. However, the subsequent e-mail he received from Travelers's attorney stated that Travelers acknowledged receipt of the $25,000 initial payment. Even with this credit, Ockerlund was in default. While Travelers would have been courteous to provide Ockerlund with an exact accounting of the amount he was in arrears, it did not have a legal obligation to do so under the Agreement. The terms of the Agreement were simple: Ockerlund had to pay $500 a month for 30 months to satisfy the outstanding $15,000 he owed Travelers. He had paid Travelers $5,000 at the time Travelers had sent him the certified default letter. This sum totaled 10 months of payments. Under the Agreement, Ockerlund had to start making monthly payments on October 1, 2007. The letter contained a typographical error in that it was dated July 6, 2008, rather than 2009. The letter, however, gave Ockerlund credit for a $1,500 payment he made in August 2008. Considering this credit for a

payment made after the date of the letter, it was reasonable for Ockerlund to realize that the date was an error. Even if he did not know that it was an error, by July 6, 2008, he had paid Travelers only $3,500. He would have owed Travelers $5,000 by this time, making him $1,500 in arrears.

Regardless, between July 6, 2008, and July 6, 2009, he paid Travelers only $1,500. By July 6, 2009, he needed to have made 22 monthly payments. At the time of the notice, therefore, he was short 12 payments of $500, totaling $6,000. He had 21 days from the time he received the letter to cure his default, and failed to do so. Further, after receiving the letter, he did not make any payments to Travelers, and eventually accumulated a $10,000 shortfall. As mentioned, his attorney acknowledged this failure to pay in court, making it binding upon Ockerlund. Under these circumstances, the Bankruptcy Court did not abuse its discretion in finding that cause existed to warrant Rule 60(b) relief.

Ockerlund further argues that even if cause existed, Travelers did not file its motion within a reasonable time. Because the court's granting of relief from the Order derives from Rule 60(b)(6), no hard and fast rule exists regarding what defines a "reasonable time." *See Sudeikis v. Chicago Transit Auth.*, 774 F.2d 766, 769 (7th Cir. 1985). Rather, "[w]hat constitutes reasonable time depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the

practical ability to learn earlier of the grounds relied upon, and prejudice to other parties." *Planet Corp. v. Sullivan*, 702 F.2d 123, 126 (7th Cir. 1983) (internal quotation omitted). Accordingly, courts have found a period as short as a few months to be unreasonable, while others have found three years reasonable. *See Sudeikis*, 774 F.2d at 769.

Here, Travelers did not file its motion until Ockerlund owed it the entire $15,000 due in $500 monthly payments. Had he complied with the Agreement and made one $500 payment each month, Ockerlund would have made his final payment by March 1, 2010. Travelers filed its motion to reopen the adversary complaint on May 4, 2010. This delay was reasonable in that it gave Ockerlund ample time to cure his default, and came just two months after the payment schedule ended. It did not prejudice him, as he could not have reasonably believed that the longer he waited to pay, the greater the chances were that Travelers would forgive his debt. The Bankruptcy Court did not abuse its discretion in determining that Travelers took a reasonable time to file its motion.

This case stands as a textbook example of the potential consequences that can ensue when parties fail to communicate with one another. What should have been a simple resolution of a $10,000 debt snowballed into litigation that resulted in a judgment more than 63 times as large as this debt. While the Bankruptcy Court's judgment in the amount of $634,566.68 may appear excessive,

it is consistent with the terms of the Agreement.  The decision is affirmed.

### IV.  CONCLUSION

For the reasons stated herein, the Bankruptcy Court's Decisions to Reopen the Adversary Complaint and Grant Travelers' Motion for Rule 60(b) relief are affirmed.

**IT IS SO ORDERED.**

_____
　　　　　Harry D. Leinenweber, Judge
　　　　　United States District Court

Date: 1/25/2011